Approved: _____
SHAUN E. WERBELOW
Assistant United States Attorney

Before:  THE HONORABLE JUDITH C. McCARTHY
         United States Magistrate Judge
         Southern District of New York

23mj5224

------------------------------------ x  **COMPLAINT**

UNITED STATES OF AMERICA           :    Violations of 21 U.S.C.
                                        §§ 841(a)(1), 841(b)(1)(A)
        - v. -                     :
                                        COUNTY OF OFFENSE:
KYLE WEILAND,                      :    ORANGE

                    Defendant.     :

------------------------------------ x

SOUTHERN DISTRICT OF NEW YORK, ss.:

STEVEN WNOROWSKI, being duly sworn, deposes and says that he is a Federal Officer with the United States Customs and Border Protection Agency currently assigned to the United States Drug Enforcement Administration Tactical Diversion Squad, and charges as follows:

COUNT ONE
(Possession with Intent to Distribute Narcotics)

1. On or about June 27, 2023, in the Southern District of New York and elsewhere, KYLE WEILAND, the defendant, intentionally and knowingly possessed with the intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

2. The controlled substance involved in the offense was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3. I am a Federal Officer with the United States Customs and Border Protection Agency, where I have been employed since January 2013. I am currently assigned to the United States Drug Enforcement Administration ("DEA") Tactical Diversion Squad of the New Jersey Division, and I have been personally involved in the investigation of this matter.

4. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, and my examination of photographs, reports, and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and photographs, and the actions, statements and conversations of others are reported herein, they are reported in substance and in part.

5. Based on my participation in this investigation, my discussions with law enforcement members, and my review of law enforcement reports and records, I have learned the following, in substance and in part:

a. Since at least August 2021, the DEA and law enforcement partners have been investigating KYLE WEILAND, the defendant, for operating a drug business.

b. In or about 2019, KYLE WEILAND was convicted in the Southern District of New York for possessing with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(2). On or about December 5, 2019, WEILAND was sentenced to six months' imprisonment and three years' supervised release and ordered to forfeit $1,000,000. WEILAND was released from custody on or about August 5, 2020, and remains on supervised release.

c. On or about June 27, 2023, the DEA and other law enforcement partners executed a court authorized search warrant for the premises where WEILAND was residing in Tuxedo Park, New York (the "Tuxedo Park Residence"). The Tuxedo Park Residence is a single-family home in which I know WEILAND was residing based on surveillance of the Tuxedo Park Residence conducted by law enforcement officers and conversations with a United States Postal Inspector, who confirmed that WEILAND was receiving mail at the Tuxedo Park Residence. When law enforcement executing the search on or about June 27 entered the

Tuxedo Park Residence, they encountered WEILAND and his girlfriend.

        d. During the search of the Tuxedo Park Residence, the DEA and law enforcement recovered at least 6 kilograms of mixtures or substances whose texture and appearance are consistent with those of fentanyl and that field tested positive for fentanyl; drug paraphernalia, including industrial pill presses and large compound mixing machines; packaging and shipping supplies; and what appeared to be thousands of dollars in U.S. currency. They also recovered additional amounts of mixtures or substances that field tested positive for heroin and cocaine and pills that field tested positive for methamphetamine.

        6. Based on my training and experience, participation in this investigation, and the aforementioned recovery of drug paraphernalia and U.S. currency, I believe that the quantity of narcotics recovered from the Tuxedo Park Residence is consistent with narcotics distribution and not personal narcotics use.

WHEREFORE, deponent respectfully requests that KYLE WEILAND, the defendant, be imprisoned or bailed, as the case may be.

_____
Task Force Officer Steven Wnorowski
Drug Enforcement Agency

Sworn to before me this
30th day of June, 2023

_____
THE HONORABLE JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3