UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
         - v. -                                    :      CONSENT PRELIMINARY
                                                    ORDER OF FORFEITURE
KYLE WEILAND,                        :      AS TO SPECIFIC PROPERTY/
                                                      MONEY JUDGMENT
:
                  Defendant.                            24 Cr. 502 (CS)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

         WHEREAS, on or about August 26, 2024, KYLE WEILAND (the "Defendant"), was charged in an Information, 24 Cr. 502 (CS) (the "Information"), with distribution and possession with intent to distribute narcotics, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (Count One); and sale of misbranded drugs, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(1) (Count Two);

         WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Information, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

         WHEREAS, the Information included a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461, of any and all drugs that were adulterated or misbranded when introduced into or while in interstate commerce or while held for

sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 331(11), 344, or 355 of this title, have been introduced into interstate commerce, including but not limited to a sum of money in United States currency representing the value of such property;

  WHEREAS, the Government seized from the Defendant the following property:

  a. $21,341.00 in United States Currency, seized at the time of the Defendant's arrest on or about June 27, 2023 from the Defendant's residence in Tuxedo Park, New York;

  b. a 2008 Maserati GranTurismo with Vehicle I.D. No.: ZAMGJ45A080035729, seized at the time of the Defendant's arrest on or about June 27, 2023 from the Defendant's residence in Tuxedo Park, New York;

  c. a 2013 Maserati GranTurismo with Vehicle I.D. No.: ZAM45VLAXD0070336, seized at the time of the Defendant's arrest on or about June 27, 2023 from the Defendant's residence in Tuxedo Park, New York;

  d. 25 Ethereum seized at the time of the Defendant's arrest on or about June 27, 2023 from the Defendant's residence in Tuxedo Park, New York;

  e. 12.46762015 Bitcoin seized at the time of the Defendant's arrest on or about June 27, 2023 from the Defendant's residence in Tuxedo Park, New York;

  f. 0.14910384 Bitcoin seized at the time of the Defendant's arrest on or about June 27, 2023 from the Defendant's residence in Tuxedo Park, New York;

  g. 183.917080607167 Monero seized at the time of the Defendant's arrest on or about June 27, 2023 from the Defendant's residence in Tuxedo Park, New York; and

  h. a 2019 McLaren 570S with Vehicle I.D. No.: SBM13DAA0KW005684 seized on or about July 7, 2023 from Rockleigh, New Jersey;

(a. through h., collectively, the "Specific Property");

WHEREAS, on or about _September 12, 2024_, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Sections 334 and 853, and Title 28, United States Code, Section 2461, a sum of money equal to $2,093,887.72 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Information and the value of adulterated or misbranded drugs charged in Count Two of the Information, and all of his right, title and interest in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,093,887.72 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained and the value of adulterated or misbranded drugs charged in Count Two of the Information;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitute the proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained, and the value of adulterated or misbranded drugs charged in Count Two of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained and the value of the property charged in Count Two of the Information, cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Shaun E. Werbelow, of counsel, and the Defendant and his counsel, John D. Pappalardo, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $2,093,887.72 in United States currency (the "Money Judgment"), representing the proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained and the value of adulterated or misbranded drugs charged in Count Two of the Information, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant KYLE WEILAND, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii)

shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____[signed] Brooke for SEW_____      9-12-24
SHAUN E. WERBELOW                          DATE
Assistant United States Attorney
50 Main Street, Suite 1100
White Plains, NY 10601
(914) 993-1962


KYLE WEILAND

By: _____[signed]_____                     9/12/24
KYLE WEILAND                               DATE


By: _____[signed] Jill K. Sanders_____     Sept. 12, 2024
JOHN D. PAPPALARDO, ESQ.                   DATE
Attorney for Defendant
222 Bloomingdale Road, Ste 301
White Plains, NY 10606


SO ORDERED:

_____[signed]_____                         9/12/24
HONORABLE                                  DATE
UNITED STATES DISTRICT JUDGE